## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**RVD REALTY, INC.,**

     *Plaintiff*,

**v.**

**MONROE COUNTY SHERIFF'S OFFICE,**

     *Defendant*.

Civ. No. 23-01398 (MAJ)

<u>**OPINION AND ORDER**</u>

### I.    Introduction

On August 8, 2023, RVD Realty Inc. ("Plaintiff"), filed the instant diversity action against the Monroe County Sheriff's Office ("Defendant"). (**ECF No. 1**). Plaintiff alleges Defendant breached their lease agreement and requests $470,000 in damages. *Id.* Pending before the Court is Defendant's Motion to Dismiss (the "Motion") under Federal Rule of Civil Procedure 12(b)(7) in which Defendant argues the Complaint should be dismissed for failure to join an indispensable party. (**ECF No. 11**).[1] For the reasons stated hereafter, the Court **DENIES** Defendant's Motion.

### II.    Background

Plaintiff is a corporation organized under the laws of the Commonwealth of Puerto Rico, and with a principal place of business there as well. (**ECF No. 1 at 2 ¶ 4**). Defendant is a political subdivision of the state of Florida, operating as a fiduciary for the "Puerto

---

[1]    Also before the Court is Plaintiff's response to Defendant's Motion (**ECF No. 15**), Defendant's reply thereafter (**ECF No. 18**), and Plaintiff's sur-reply (**ECF No. 22**).

Rico and U.S. Virgin Islands High Intensity Drug Trafficking Area" ("PRVI HIDTA").[2] *Id.* ¶¶ 5, 8. Plaintiff alleges that on February 1, 2016, the parties executed a lease of real property (the "Lease"), a copy of which is included as an exhibit in the Complaint.[3] *Id.* ¶ 2; (**ECF No. 1-1**). The property in question is located in Guaynabo, Puerto Rico. (**ECF No. 1-1 at 1**).[4]

On July 1, 2021, PRVI HIDTA's Executive Director, Samuel Santana ("Santana"), informed in writing that PRVI HIDTA would not be renewing the Lease after its expiration on September 30, 2021. (**ECF No. 1 at 3 ¶ 10**). In the same letter, Santana informed Plaintiff of PRVI HIDTA's intent to exercise its holdover rights under paragraph 18 of the Lease. *Id.*

On August 12, 2021, Santana informed Plaintiff in writing that PRVI HIDTA would be vacating the Premises on or before December 31, 2021. *Id.* ¶ 11. On August 17, 2021, Plaintiff agreed to the holdover extension proposed by Santana. *Id.* ¶ 12. On August 20, 2021, Raúl Rodríguez-Lugo ("Rodríguez") on behalf of Plaintiff, and José Gerena ("Gerena") on behalf of PRVI HIDTA, "performed a first walkthrough of the Premises for the purpose of properly identifying damages caused by PRVI HIDTA's negligence, if any, and inventory improvements which shall vest on [Plaintiff]." *Id.* ¶ 13. On September 1,

---

[2]     "The HIDTA Program helps improve the effectiveness and efficiency of drug control efforts by facilitating cooperation among drug control organizations through resource and information sharing, collocation, and implementing joint initiatives. HIDTA funds help Federal, State, local, and tribal law enforcement organizations invest in infrastructure and joint initiatives to confront drug trafficking organizations. Each HIDTA is governed by its own executive board comprised of Federal, State and local law enforcement officials from the designated HIDTA region. The executive boards facilitate interagency drug control efforts to eliminate or reduce drug threats. HIDTA-designated counties comprise approximately 13 percent of U.S. counties, and are present in 43 states, Puerto Rico, the U.S. Virgin Islands, and the District of Columbia." *High Intensity Drug Trafficking Areas Program*, 72 Fed. Reg. 46,099 (Aug. 16, 2007).

[3]     The choice of law provision in the Lease holds that it shall be governed by the laws of Puerto Rico. (**ECF No. 1-1 at 15**). Accordingly, Puerto Rico contract law applies.

[4]     *See* High Intensity Drug Trafficking Areas Program 2024 Report to Congress (2024), *https://www.whitehouse.gov/wp-content/uploads/2024/02/2024-HIDTA-Annual-Report-to-Congress.pdf* ("The HIDTA's headquarters is located in Guaynabo, Puerto Rico . . . .").

2021, Plaintiff's counsel sent correspondence to Defendant detailing several areas and items in need of repair due to Defendant's alleged negligence and alterations done without Plaintiff's approval. *Id.* ¶ 14.

Between September 1, 2021, and February 15, 2023, Plaintiff's counsel and Defendant's general counsel exchanged multiple communications as Plaintiff "unsuccessfully attempted to obtain [Defendant's] fulfillment of its obligations under the Lease." *Id.* ¶ 15. On February 15, 2023, Plaintiff's counsel sent Defendant's general counsel a collection letter that included a cost estimate for repairs which estimated the repairs at the time to be $285,000.00. *Id.* ¶ 16. On April 24, 2023, Defendant's general counsel responded to the letter refusing to pay for the damages and denying any liability for breaching the lease. *Id.* at 4 ¶ 17.

Plaintiff also maintains Defendant beached the parties' agreement to leave the modules installed in 2018. *Id.* at 5. Plaintiffs allege on February 14, 2018, Defendant reached out to obtain Plaintiff's approval for modifications Defendant intended to make on the Premises at its own expense. *Id.* ¶ 25. The modifications were to change the modules, floor rugs, repair and paint the walls, and install new wooden floor frames. *Id.* In proposing these modifications, Defendant requested that Plaintiff fund the repair/upgrade of the ceiling frames and tiles. *Id.* Plaintiff alleges Defendant "enticed" Plaintiff to contribute to the modifications because it would add to the Premises' overall value. *Id.* ¶ 2.

On June 5, 2018, Defendant confirmed with Plaintiff by email that Plaintiff would pay half of the ceiling remodeling to the lowest three bidders, and that Defendant would pay for the other half of the ceiling, the wall paint, modules, carpet and wood, in addition to the communication lines removal and installation. *Id.* ¶ 27. In the same email, Plaintiff

alleges Defendant stated that the modifications/enhancements would remain on the property. *Id*. ¶ 28. However, in contravention of this communication, Plaintiff alleges that when Defendant vacated the Premises, it removed the modules valued at $185,000.00.[5] *Id*. at 6 ¶ 29. Now comes the instant action.

### III.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss a claim for failure to join an indispensable party under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7). "Under Rule 19, necessary parties must be joined if feasible, which occurs if they are subject to service of process and their joinder will not deprive the court of subject matter jurisdiction." *Cont'l Cas. Co. v. Angelet-Frau*, 16-cv-2656, 2017 WL 6942438, at \*2 (D.P.R. Nov. 14, 2017) (citing Fed. R. Civ. P. 19(a)). "Necessary parties are those 'who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" *Corbel Distressed & Special Opportunities Fund, L.P. v. Londono*, 23-cv-1041, 2023 WL 7390054, at \*4 (D.P.R. Nov. 8, 2023) (quoting *Z & B Enterprises, Inc. v. Tastee-Freez Intern., Inc.*, 162 F.App'x 16, 19 (1st Cir. 2006)).

In determining whether a party is indispensable to pending litigation, a court first considers whether the individual or entity is a necessary party. *United States v. San Juan Bay Marina*, 239 F.3d 400, 405 (1st Cir. 2001). This is a two-part inquiry. *Rodríguez v. Ashford Presbyterian Community*, 325 F. Supp. 2d 2, 4 (D.P.R. 2004). First, the party must be a necessary party under Rule 19(a), and then it must be an indispensable party

---

[5]      Plaintiff also requests attorney's fees and costs as provided for under the Lease to the prevailing party. (**ECF No. 1 at 6 ¶¶ 31-33**).

under Rule 19(b). *San Juan Bay Marina*, 239 F.3d at 405. There are three tests for

indispensability, any one of which can support a finding that a party is necessary, namely:

> (a) In that person's absence, the court cannot accord complete relief among
>     existing parties; or
> (b) That person claims an interest relating to the subject of the action and is
>     so situated that disposing of the action in the person's absence may:
>
>> i. As a practical matter impair or impede the person's ability
>>    to protect the interest; or
>> ii. Leave an existing party subject to a substantial risk of
>>     incurring double, multiple, or otherwise inconsistent
>>     obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "If a court finds that the party is necessary, [but joinder is not

feasible], the court then must 'determine whether, in equity and good conscience, the

action should proceed among the existing parties or should be dismissed.'" *Corbel

Distressed & Special Opportunities Fund, L.P.*, 2023 WL 7390054, at *4 (quoting Fed. R.

Civ. P. 19(b)).

    In performing a Rule 19 analysis, "courts [are called] to make pragmatic, practical

judgments that are heavily influenced by the facts of each case." *Bacardí Intern. Ltd. v.

V. Suárez & Co., Inc.*, 719 F.3d 1, 9 (1st Cir. 2013). "Courts should keep in mind the policies

that underlie Rule 19, including the public interest in preventing multiple and repetitive

litigation, the interest of the present parties in obtaining complete and effective relief in a

single action, and the interest of absentees in avoiding the possible prejudicial effect of

deciding the case without them." *Corbel Distressed & Special Opportunities Fund, L.P.,*

2023 WL 7390054, at *4 (quoting *Picciotto v. Cont'l. Cas. Co.*, 512 F.3d 9, 15-16 (1st Cir.

2008)) (internal quotations omitted).

    "It is the moving party's burden to show the district court the nature of the

absentee's unprotected interests or the prejudice to be suffered by the movant due to the

non-joined party's absence.*" Id.* (citation omitted).  "As with Rule 12(b)(6) motions, a
court must accept the allegations contained in the plaintiff's complaint as true for the
purpose of the Rule 12(b)(7) inquiry." *McCaskill v. Gallaudet Univ.*, 36 F. Supp. 3d 145,
151 (D.D.C. 2014); *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir.
2001) (noting that "[f]or purposes of a motion to dismiss for failure to join a party under
Rule 19, we accept the allegations in the complaint as true."). However, "a court is 'not
limited to the pleadings' and may consider 'other relevant extra-pleading
evidence.'" *Delangis*, No. 14-cv-10689, 2015 U.S. Dist. LEXIS 31161 , 2015 WL 1137819 ,
at *2 (D. Mass. Mar. 13, 2015) (citing *Axis Ins. Co. v. Hall*, 287 F.R.D. 110, 113  (D. Me.
2012)); *Emerald Casino*, 268 F.3d at 480 n. 4 (stating that "[i]n ruling on a dismissal for
lack of joinder of an indispensable party, a court may go outside the pleadings and look
to extrinsic evidence.").

## IV.    Applicable Law and Analysis[6]

The Lease in question is between Plaintiff and Defendant, "as a fiduciary for PR[]VI
HIDTA."[7] (**ECF No. 1-1 at 1**). Defendant urges the Court to dismiss the instant matter
under Fed. R. Civ. P. 19(a)(1)(A) because it cannot accord complete relief to the existing
parties without the presence of the United States, and under Fed. R. Civ. P. 19(a)(1)(B)(i)
because not disposing of the action will impede the United States' ability to protect its
interest. (**ECF No. 11**). The Court addresses each argument in turn.

---

[6]       Because the Court exercises diversity jurisdiction in this case, Puerto Rico substantive law applies.
*Meléndez-Colón v. Rosado- Sánchez*, 995 F.3d 262, 267 n.3 (1st Cir. 2021).
[7]       "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are
part of or incorporated into the complaint . . . . Exhibits attached to the complaint are properly considered
part of the pleading for all purposes, including Rule 12(b)(6)." *Casciano-Schlump v. JetBlue Airways Corp.*,
17-cv-2196, 2017 WL 6542409, at *2 (D.P.R. Dec. 21, 2017) (citing *Trans-Spec Truck Serv., Inc. v.
Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008)). Here Plaintiff attached the Lease to its Complaint. (**ECF
No. 1-1**). In light of this, the Court will consider it without turning the instant motion to dismiss into a
motion for summary judgment.

### i.      Fed. R. Civ. P. 19(a)(1)(A)

Under Rule 19(a)(1)(A), the Court must determine whether, in the absence of the

United States, it has the ability to grant complete relief to the existing parties in the suit.

Defendant alleges that because it is merely a fiduciary—or grantee—of the PRVI HIDTA,

any judgment award in favor of Plaintiff would ultimately be paid by the United States.

(**ECF No. 11 at 1-2**). Defendant cites to clause two of the Lease in support, which states

that "[t]he only monies available to [Defendant] to pay its obligations under this Lease

are federal grant funds appropriated by the Congress of the United States and made

available to [Defendant] through the Office of National Drug Control Policy." *Id.* at 2;

(**ECF No. 1-1 at 2**). This is further supported by clause twenty-six—"[Defendant's]

Liability Contingent Upon Availability of Federal Funds"—which states in relevant part:

> (a) Role of the [Defendant]: The parties to this Lease agree that the
> Premises will be used by the [PRVI HIDTA] and its constituent agencies.
> (b) Limitation of Liability: It is agreed that all financial obligations of the
> [Defendant] hereunder shall be met exclusively with funds provided by
> the Government of the United States of America and that no general
> funds of the [Defendant] or the County of Monroe, Florida, are available
> or may be used to satisfy any obligation arising from this Lease . . . . The
> [Plaintiff] understands that there are no other funds available to pay it
> for any other purpose, matter, claim or obligation whatsoever . . . . It is
> further agreed that upon payment of rent by [Defendant] after receipt
> by [Defendant] of funds designated for that purpose, [Defendant] shall
> have no further legal or financial obligation to [Plaintiff].

(**ECF No. 1-1 at 14**). Accordingly, Defendant maintains the United States is an

indispensable party in the instant matter under Fed. R. Civ. P. 19. (**ECF No. 11 at 1-2**).

However, in light of the fact that the United States cannot be joined in the present action

because of the Tucker Act,[8] Defendant argues this case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(7). Let's examine.

HIDTA is a federal program organized under the Office of National Drug Control Policy ("ONDCP"). 21 U.S. § 1706(a)(1). The purpose of the program is to reduce drug trafficking and drug production in the United States by facilitating cooperation among federal, state, local, and tribal law enforcement agencies; enhance law enforcement intelligence sharing amongst the aforementioned agencies; provide reliable law enforcement intelligence; and support coordinated law enforcement strategies. 21 U.S.C. § 1706(a)(2). "The Director of ONDCP designates specific areas in the United States as HIDTAs, and then allocates federal funds to designated HIDTAs to support counter-drug activities." *LaNier v. United States*, 15-cv-00360, 2017 WL 4244621, at *1 (S.D. Cal. Sept. 25, 2017) (citation omitted). The PRVI HIDTA is one such designee.

> To be eligible to receive federal funding, each HIDTA shall be governed by an Executive Board which must apportion an equal number of votes between representatives of participating Federal agencies and representatives of participating State, local, and tribal agencies. The statute states that its requirements are intended to ensure the responsible use of Federal funds, and that it is not intended to create an agency relationship between individual high intensity drug trafficking areas and the Federal Government. Thus, under the statute, an HIDTA is not to be considered a federal agency.

---

[8]    The Tucker Act, 28 U.S.C. § 1491(a)(1), and its "companion statute," the Little Tucker Act, 28 U.S.C. § 1346(a)(2), both "provide the Federal Government's consent to suit for certain money-damages claims, including some claims sounding in contract law." *Medina Grp., LLC v. Design Build, LLC*, 23-cv-1160, 2024 WL 265891, at *2 (D.P.R. Jan. 24, 2024) (internal quotations omitted) (citing *Paret-Ruiz v. United States*, 827 F.3d 167, n.16 (1st Cir. 2016)). "District courts are without jurisdiction over a nontax claim against the United States on which claim plaintiff's request for recovery exceeds $10,000. Such an action is proper only in the Claims Court." *Id.* (quoting *Smith v. Orr*, 855 F.2d 1544, 1552 (Fed. Cir. 1988)). "Indeed, the Tucker Act [] and Little Tucker Act [], vest exclusive jurisdiction in the Court of Federal Claims (the district courts have concurrent jurisdiction over claims for $10,000 or less)." *Id.* (quoting *Knott v. FERC*, 386 F.3d 368, 374 (1st Cir. 2004)).

*Milteer v. Navarro Cnty., Texas*, 99 F.4th 268, 273 (5th Cir. 2024) (internal citations and quotations omitted). Instead, HIDTA Executive Boards select grantees, in this case, Defendant, to obligate federal funds. *Id.* (citing § 5.4 of the ONDCP Program Policy and Budget Guidance for the HIDTA Program).[9] "The grantees will hire employees, issue contracts, manage property, and expend HIDTA Program funds as necessary to carry out the grant activities approved by the Executive Board." *Id.*

Notably, § 5.4 of the ONDCP Program Policy and Budget Guidance for the HIDTA Program, (hereinafter "HIDTA Guidance") states "HIDTAS and their Executive Boards are not considered legal entities under Federal law and generally lack the authority to enter into contracts, hire employees, or obligate federal funds." *Id.*[10] While the Court acknowledges the dearth of federal courts interpreting federal law establishing the enactment of HIDTAs, at least three courts are skeptical HIDTAs are entities capable of being sued in federal court. *Id.* ("There are few cases interpreting the statute establishing HIDTA's, but we note that one court has determined that an HIDTA 'is not a juridical entity capable of being sued' and 'functions at the behest, direction, and control of other governmental agencies.'") (quoting *Sipes v. City of Monroe*, 11-cv-1668, 2013 WL 1282457, at *4 (W.D. La. Mar. 28, 2013)); *see also Lanier*, 2016 WL 614048, at *5 (underscoring it is far from clear HIDTAs are "even a suable entity").

"Generally, in breach of contract actions, all parties to the contract are necessary ones." *Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*, 321 F.R.D. 475, 479 (D.P.R. 2017). As mentioned, the Lease in question is between

---

[9]    Office of National Drug Control Policy, High Intensity Drug Trafficking Areas (HIDTA) Program Policy and Budget Guidance (2020), *https://www.gchidta.org/administrative/documents/PPBG.pdf.*
[10]    Office of National Drug Control Policy, High Intensity Drug Trafficking Areas (HIDTA) Program Policy and Budget Guidance (2020), *https://www.gchidta.org/administrative/documents/PPBG.pdf.*

Plaintiff and Defendant, "as a fiduciary for PR[]VI HIDTA."[11] (**ECF No. 1-1 at 1**). For the purposes of the instant motion and based on the lack of authority to the contrary, the Court finds the PRVI HIDTA is not an entity capable of being sued. In light of this, it appears that the only proper party in this breach of contract action is the grantee of the HIDTA funds, or Defendant.

That said, it is clear to the Court that per the Lease, "no general funds of [Defendant] or the County of Monroe, Florida are available or may be used to satisfy any obligation arising from this Lease." *Id*. at 14. However, under the liability provision of the Lease—or clause twelve— it is indicated that "[p]rior to taking occupancy of the Premises, [Defendant] shall submit evidence to [Plaintiff] that it has obtained public liability protection for [Plaintiff] and [Defendant] in the form of insurance policies as hereinafter set forth." *Id*. at 4. It further states "[Defendant] will maintain in full force and effect during the entire term of this Lease, at its own expense . . . commercial general liability insurance, including property damage, insuring [Plaintiff] and [Defendant] . . . for property damage arising from or related to the use or occupancy of the Premises or the operation of [Defendant's] business." *Id*. The Lease goes on to state that the insurance policy will include "a contractual coverage endorsement specifically insuring the performance by [Defendant] of its obligations contained in this Agreement." *Id*. Finally, the Lease's exculpation clause thereafter states, "the liability of [Plaintiff] and of

---

[11]        "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint . . . . Exhibits attached to the complaint are properly considered part of the pleading for all purposes, including Rule 12(b)(6)." *Casciano-Schlump v. JetBlue Airways Corp.*, 17-cv-2196, 2017 WL 6542409, at *2 (D.P.R. Dec. 21, 2017) (citing *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008)). Here Plaintiff attached the Lease to its Complaint. (**ECF No. 1-1**). In light of this, the Court will consider it without turning the instant motion to dismiss into a motion for summary judgment.

[Defendant] for damages or otherwise shall be limited solely to the proceeds of any insurance policies covering or relating to the Premises . . . ." *Id.* at 14.

Thus, it appears from the face of the contract that, to the extent Defendant is liable to Plaintiff, insurance proceeds would be awarded to Plaintiff, not funds from the United States.[12] Bearing this in mind, it does not appear, at this juncture, that the United States is a necessary party to this action by way of Fed. R. Civ. P. 19(a)(1)(a). The Court's analysis ends here, because "[p]arties cannot be indispensable under Rule 19(b) unless they are first deemed necessary under Rule 19(a)." *Pagán-Hermina v. Hosp. Dr. Susoni, Incorporado*, 20-cv-1761, 2022 WL 993602, at *6 (D.P.R. Apr. 1, 2022).

### ii.    Fed. R. Civ. P. 19(a)(1)(B)(i)

Moving to Defendant's second argument, under Rule 19(a)(1)(B)(i), the Court must consider the interests of the absent party. Joinder is required under this section "if the absent party *claims an interest* relating to the subject of the action" and "disposing of the action in the person's absence may[,] as a practical matter[,] impair or impede the person's ability to protect the interest[.]" *Roy v. FedEx Ground Package Sys., Inc.*, 17-cv-30116, 2020 WL 3799203, at *5 (D. Mass. July 7, 2020) (emphasis added); Fed. R. Civ. P. 19(a)(1)(B)(i).

Defendant contends that the action cannot continue without the United States because its interests in the matter would not be protected. (**ECF No. 11**). However, for Fed. R. Civ. P. 19(a)(1)(B)(i) to apply, the purported required party must "*claim*[] *an interest* relating to the subject of the action . . . ." Fed. R. Civ. P. 19(a)(1)(B)(i) (emphasis added).

---

[12]    31 L.P.R.A. § 6343 states "[t]he meaning of the verbal or written expression used in a legal transaction is the one it has in the common language in which it is used . . . ." (Court's translation).

Here, simply put, the United States has not claimed an interest. The First Circuit denied a similar argument in *Bacardí Int'l Ltd. v. V. Suárez & Co.*, where it noted that the purported required absent party could "have filed an affidavit with the district court or provided some notice that its interest would be impaired, but did not do so." 719 F.3d 1, 12 (1st Cir. 2013). Accordingly, Defendant's argument under Rule 19(a)(1)(B)(i) fails. *See Roy v. FedEx Ground Package Sys., Inc.*, 17-cv-30116, 2020 WL 3799203, at *5 (D. Mass. July 7, 2020) ("Arguably, the failure of [the alleged required party] to claim such an interest defeats [the defendant's] motion for joinder under both Rule 19(a)(1)(b)(i) and (ii).") (collecting cases); *Charest v. Fed. Nat. Mortg. Ass'n*, 9 F. Supp. 3d 114, 131–32 (D. Mass. 2014) (finding same, noting the "required party . . . has not claimed an interest in this suit by affidavit or otherwise."); *Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC*, 15-cv-547, 2022 WL 4390636, at *6 (E.D. Tenn. Sept. 22, 2022) ("Moreover, "a party is not 'necessary' where it has not claimed an interest in the outcome of an action . . . ."); *Physics, Materials, & Applied Mathematics Rsch. LLC v. Yeak*, 20-cv-00379, 2022 WL 3286585, at *6 (D. Ariz. Aug. 11, 2022) ("Defendants provide no evidence that the United States has claimed an interest in this action.").

## V.      Conclusion

Given that the contract mandates any liability for damages or otherwise shall be limited to proceeds of insurance policies, and the fact the United States has not claimed an interest in the matter, the United States is not a necessary party. Accordingly, Defendant has not sustained its burden in demonstrating the United States is an indispensable party at this juncture. Their motion is thus **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of August, 2024.

<u>**/s/ María Antongiorgi-Jordán**</u>
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**